

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

September 19, 1960

Honorable John C. White
Commissioner of Agriculture
Department of Agriculture
Austin, Texas

Opinion No. WW-940

Re: Application of Article
5704, Vernon's Anno-
tated Civil Statutes,
with reference to the
Public Weighers Laws in
light of Article 5680
and Article 5693, Ver-
non's Annotated Civil
Statutes.

Dear Commissioner White:

You have requested an opinion of this office con-
cerning the following question:

Is a manufacturer (owner) of a product (bulk cement),
who in the due course of its business, weighs such product in
person and issues a weight ticket or memorandum showing the
weight upon which the selling price of the product is based,
a public weigher as defined by Article 5680, V.A.C.S., when
read in conjunction with Article 5704 and Article 5693, V.A.C.S.?

Article 5680 above referred to reads as follows:

"Any person engaged in the business of
public weighing for hire, or any person, who
shall weigh or measure any commodity, produce
or article, and issue therefor a weight certi-
ficate or weight sheet, which shall be accepted
as the accurate weight upon which the purchase
or sale of such commodity, produce or article is
based, shall be known as a public weigher, and
shall comply with the provisions of this chapter.
The provisions of this article shall not apply
to the owners, managers, agents or employees of
any compress or any public warehouse in their
operation as a warehouseman. This exemption
shall not apply in any manner to any Texas port."

As defined in this article, a public weigher is either
"any person engaged in the business of public weighing for hire
. . .", or "any person who shall weigh or measure any commodity,

produce or article, and issue therefor a weight certificate or weight sheet, which shall be accepted as the accurate weight upon which the purchase or sale of such commodity, produce or article is based. . . ."

The first definition does not apply in this case since the owner manufacturer in your request is not exacting a fee for the service of weighing, but does the weighing for the purpose of determining the purchase price of his product. Since you state that the owner manufacturer issues a weight ticket or memorandum showing the weight of the product, we need only to determine whether the owner manufacturer otherwise comes within the provisions of the second definition. Thus, the problem resolves itself into three parts: First, does "bulk cement" constitute "any commodity, produce or article"? Second, does the term "person" as used in the statute include corporations or firms, assuming the owner manufacturer in your request is a corporation or firm? Third, are the exemptive provisions of Article 5704, V.A.C.S., applicable in this case?

We are of the opinion that bulk cement falls within the scope of the term "commodity" as used in Article 5680. This term has been defined in Attorney General's Opinion O-73 (1939), and among the various definitions cited therein is the following taken from United States v. Sischo, 262 Fed. 1001, 1005 (1919): "'Commodity' is defined as an article of trade; a movable article of value; something that is bought and sold."

If the owner manufacturer in question is an individual, then he is clearly a "person" as that term is used in Article 5680, and therefore a public weigher as therein defined. If, however, the owner manufacturer is other than a natural person, then the question arises as to the scope of the term "person" as used in the definition. Inasmuch as Article 23, V.A.C.S., states that the term "person" includes a corporation unless the context indicates a different meaning, it is necessary to determine whether the Legislature intended the term "person" as used in Article 5680 to include corporations or firms in addition to natural persons.

Article 5680 is derived from Section 1 of House Bill 248, Acts of the 36th Leg., R.S., 1919, ch. 76, p. 122, and the amendment thereto, in Senate Bill 180, Acts of the 37th Leg., R.S., 1921, ch. 86, p. 168, which reads in part as follows:

"All persons, firms, corporations, copartnerships, or individuals, engaged in the business of public weighing for hire, or any person, firm, or corporation who shall weigh

> or measure any commodity, produce or article,
> and issue therefor a weight certificate or
> weight sheet, which shall be accepted as the
> accurate weight upon which the purchase or sale
> of such commodity, produce or article is based,
> shall be known as a public weigher. . . ."
> (Emphasis added.)

It can readily be seen that the principal difference between the original Act's definition and the definition in Article 5680 is the deletion of the underscored language from Article 5680. We feel that this modification in language should be considered and given effect in ascertaining the legislative intent. As stated in 39 Tex.Jur., Statutes, § 128, page 241, "The omission of a significant word or provision from an amendment or re-enactment indicates a desire to change the effect or interpretation of the Act, or an intention to exclude the object theretofore accomplished by the words omitted." We are not able to say that by deleting the specific inclusion of a corporation or firm within the definition of a public weigher that the Legislature intended to continue to include a corporation or firm within the definition.

Title 93, of which Chapter 6, Public Weighers, is a part, is titled "Markets and Warehouses", and consists of nine chapters. Disregarding Chapter 1, which pertains to the Commissioner of Agriculture, only one other chapter, Chapter 5, Ginners and Cotton, contains a definition which makes no specific reference to a corporation or firm. Article 5679a, Section 1, in defining a public cotton classer, does not refer to a corporation or firm, but only to "persons", although Article 5666 in the same chapter, in defining "ginners", includes corporations. Both a cotton classer and public weigher are of such a nature that one utilizing their services must necessarily repose a great deal of trust and reliance on the integrity and competency of the individual actually performing the service rendered. It is our opinion that the Legislature intended that such positions of trust should be entrusted to individuals, over whom control could better be maintained, than to a firm or corporate entity.

The emergency clause of the original laws governing public weighers, found in House Bill 248, Acts of the 36th Leg., R.S., 1919, ch. 26, § 20, page 127, contains the following language which indicates the purpose of the Legislature in passing the public weighers laws:

> "The fact that there is now no adequate law
> governing public weighers in this State, and the
> further fact that, a great amount of fraud is
> known to exist in the weighing and measuring of

produce in this State, by parties who are under no bond and responsible to no authority that would prevent them from committing fraud, creates an imperative public necessity. . . ." (Emphasis added.)

It is therefore our opinion that a corporation or firm cannot qualify as a public weigher within the definition of Article 5680.

This is not to say, however, that the individual(s) who actually performs the duties of weighing for the corporation or firm does not qualify as a public weigher. Obviously, the term "person" includes individuals. In addition, Article 5693, which states that "no one shall be allowed to pursue the business of weighing for the public or grant a certificate or weight sheet upon which a purchase or sale is made unless he comply with the provisions of this chapter . . ." would clearly bring such employee within the provisions and requirements of the public weigher chapter, thus maintaining the control and supervision which the Legislature intended to impose for the protection of the public on those who weigh items and issue weight certificates upon which a sale or purchase is made.

The opinion above reached that the owner manufacturer, if a corporation or firm, does not qualify as a public weigher, but that its employees or agents do, is not pre-empted by Article 5704, V.A.C.S., which reads in part as follows:

"Nothing in this chapter shall prevent any person, firm or corporation from weighing his own cotton, wool, sugar, hay, grain or pecans in person."

In order for the benefit of this provision to fall to the owner manufacturer of bulk cement, it would be necessary to construe the items listed therein as being representative and not exclusive. Giving Article 5704 the broadest and most liberal interpretation possible, the items listed therein are representative of agricultural products, and clearly bulk cement could never be classified as an agricultural product. Therefore, the provisions of Article 5704 do not apply to the owner manufacturer of bulk cement.

## SUMMARY

A manufacturer (owner), other than a natural person, who weighs bulk cement and issues a weight ticket on which the sale or purchase price of such product is based is not a public weigher as defined by Article 5680, V.A.C.S., but the employee who actually performs the weighing must comply with

the provisions of the public weigher laws, and the provisions of Article 5704, V.A.C.S., are not applicable to a manufacturer (owner) of bulk cement.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Robert H. Walls*

Robert H. Walls
Assistant

RHW:bh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

John Reeves
Bill Allen
L. P. Lollar
Ben Harrison

REVIEWED FOR THE ATTORNEY GENERAL
BY:
Leonard Passmore